IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORRAINE GOFF,** | : | CIVIL ACTION NO. 1:20-CV-2423 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CUMMINS INC. d/b/a CUMMINS SALES AND SERVICE,** | : | |
| Defendant | : | |

### MEMORANDUM

Before the court is the report of Magistrate Judge William I. Arbuckle, recommending the court grant in part and deny in part defendant's motion for summary judgment; defendant's objection thereto; and the parties' briefing in support of and in opposition to defendant's objection. For the reasons that follow, we will overrule defendant's objection and adopt Judge Arbuckle's report with supplementation.

**I.     Background**

Plaintiff Lorraine Goff commenced this lawsuit with the filing of a five-count complaint against her former employer, defendant Cummins, Inc. ("Cummins"). Specifically, Goff asserts claims for sex discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; discrimination (Count III) and retaliation (Count IV) in violation of 42 U.S.C. § 1981; and sex discrimination and retaliation (Count V) in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. § 951 *et seq.* Following a period of discovery, Cummins moved

for summary judgment on all claims, and we referred the motion to Magistrate Judge Arbuckle for preparation of a report and recommendation. On March 1, 2023, Judge Arbuckle issued a report recommending we grant in part and deny in part Cummins' motion. Cummins timely objected to the portion of the report recommending we deny, in part, its motion; Goff responded to Cummins' objection but has filed no objections of her own.

## II. Legal Standard

### A. Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### B. Summary Judgment

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the nonmoving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the

evidence "in the light most favorable to the non[]moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  Only if this threshold is met may the cause of action proceed.  See Pappas, 331 F. Supp. 2d at 315.

**III.  Discussion**

For purposes of the analysis that follows, we adopt and incorporate in full the statement of undisputed material facts set forth in Judge Arbuckle's report, which is consistent with the Rule 56 record and with which the parties generally take no issue; Cummins disputes some inferences drawn from those facts, but not the facts themselves.  We note as an initial matter that Goff has not objected to the following recommendations: (1) that we dismiss the Section 1981 claims, (2) that we find her complaint does not plead a Title VII disparate treatment claim, and (3) that we grant summary judgment to Cummins on her Title VII and PHRA retaliation claims.  (See Doc. 69 at 44).  We have afforded "reasoned consideration" to these aspects of the report, see City of Long Branch, 866 F.3d at 100 (quoting Henderson, 812 F.2d at 878), and will adopt the recommendation.

Cummins' objection challenges only the recommendation that we deny summary judgment on Goff's Title VII and PHRA discrimination claim, which is

3

premised on a hostile work environment theory.[1]  (See Doc. 71 at 4-8).  To prevail on a hostile work environment claim, a plaintiff must prove (1) she suffered intentional discrimination due to a protected trait or activity, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected her, (4) the discrimination would have detrimentally affected a reasonable person in like circumstances, and (5) the existence of *respondeat superior* liability.[2]  See Andreoli v. Gates, 482 F.3d 641, 643 (3d Cir. 2007; Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006), overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).  Cummins raises two principal arguments in its objection, claiming the harassment Goff says she experienced was not due to her sex and, even if Goff could establish a link to her sex, the harassment was not pervasive.[3]  (See Doc. 47 at 4-10; Doc. 71 at 4-8).  We agree with Judge Arbuckle's conclusion that Goff has established genuine disputes for trial as to this claim.  We write briefly to supplement the report's analysis.

---

[1] Cummins also objects to the report's declination to deem Cummins' Local Rule 56.1 statement admitted based on Goff's failure, in her responsive statement, to cite to record evidence supporting denials and supplementations of Cummins' statements.  (See Doc. 71 at 2-4).  Cummins asks the court to deem its entire Rule 56.1 statement to be admitted due to Goff's rule violation.  (See id. at 4).  We decline.  Goff already admits the vast majority of Cummins' Rule 56.1 statements.  Moreover, the handful of statements which Goff denies, supplements, or recharacterizes are largely inapplicable to the hostile work environment claim we consider herein.

[2] We review PHRA claims under the same standards as Title VII claims.  See Connelly v. Lane Constr. Corp., 809 F.3d 780, 791 n.8 (3d Cir. 2016) (citing Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317 n.3 (3d Cir. 2000)).

[3] Goff proceeds only on the theory the alleged harassment was "pervasive." (See Doc. 73 at 9).  Notably, she does not contend it was "severe."  (See id.)

Goff testified to several actions by a male coworker, Kevin Utsick, which she believes constitute pervasive harassment, some of which are clearly sex-based and others which are facially neutral: (1) removing the wheels and arms from her desk chair, (2) leaving a urinal cake underneath her desk, (3) putting moth balls in her desk, (4) putting tampons on her desk and throwing one at her when she returned it to him, (5) pulling her hair, and (6) commenting "this was a man's world, this is a man's workplace, not for any woman," and "[t]his place here is for white men only," and celebratorily observing "one bitch down" after a female coworker was let go. (See Doc. 48 ¶¶ 34, 42; Doc. 49-1, Goff Dep. 111:12-18, 113:1-8). Some of these incidents were isolated—the urinal-cake and hair-pulling incidents were one-off events, (see Doc. 48 ¶¶ 34, 38-39; Goff Dep. 108:2-109:1)—but many were not. Utsick placed tampons on Goff's desk twice, (see Goff Dep. 108:2-16), and commented "a couple times" about Cummins being a "man's world, . . . a man's workplace, not for any woman," (see id. at 110:19-22). Utsick apparently removed the wheels and arms from Goff's desk chair "almost every day." (See Doc. 48 ¶ 37). Goff testified that when she complained to managers, "all they would tell me is, 'You know, you need to grow some thick skin, you know, you're working in a man's job.'" (See Goff Dep. 113:15-18).

At the outset, we reject Cummins' claim that the "only" incidents with "any connection" to Goff's sex are Utsick's comments to the effect that Cummins is "a man's world." (Cf. Doc. 71 at 5). A jury could at minimum conclude the incidents where Utsick left tampons on Goff's desk and threw a tampon at her constituted sex-based ridicule, particularly when viewed in conjunction with Utsick's repeated

5

sex-based comments (*e.g.*, "this is a man's workplace, not for any woman," and "one bitch down"); the suggestion these incidents could only be viewed as "pranks with no connection to sex whatsoever" is, in a word, absurd. (Cf. Doc. 48 ¶ 38). Moreover, Goff testified Utsick was not the only one who made explicitly sex-based comments; when Goff complained to her supervisors, they actually *doubled down* on Utsick's discriminatory comments, advising her to toughen up because hers was a "man's job." (See Goff Dep. 113:15-18). Given the overt sex-based harassment to which Goff was subjected, a jury could fairly find Utsick's sex-neutral mistreatment, such as disassembling Goff's chair and pulling her hair, was based on or motivated by her sex. See Clegg v. Falcon Plastics, Inc., 174 F. App'x 18, 25 (3d Cir. 2006) (nonprecedential) (noting "[f]acially neutral acts can form the basis of a Title VII hostile work environment claim, as long as they are motivated by gender-based discrimination" (citing Durham Life Ins. Co. v. Evans, 166 F.3d 139, 148 (3d Cir. 1999); Andrews v. City of Philadelphia, 895 F.2d 1469, 1485 (3d Cir. 1990))); see, e.g., Brown-Baumbach v. B&B Auto., Inc., 437 F. App'x 129, 134 (3d Cir. 2011) (nonprecedential) (genuine dispute of material fact for jury when record contained evidence of "facially neutral mistreatment" such as throwing plaintiff's paperwork on floor plus "overt sex discrimination" such as sexual comment, text message, and reference to plaintiff as "mother fucking bitch" (quoting Durham, 166 F.3d at 148)). For these multifarious reasons, we cannot say as a matter of law the harassment Goff experienced was nothing more than the "ordinary tribulations of the workplace." Cf. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

6

A jury considering the "totality of the circumstances" also could easily find the challenged conduct was pervasive. See Castleberry v. STI Grp., 863 F.3d 259, 264 (3d Cir. 2017) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). Harassment is "pervasive" if incidents "occur either in concert or with regularity." See Andrews, 895 F.2d at 1484 (citation omitted). Cummins' lone argument on this element is that the court must exclude from its analysis the near-daily harassment Goff suffered that was *not* explicitly sex-based; Cummins contends, once that mistreatment is stripped away, we are left with only a handful of isolated incidents of sex-based harassment. (See Doc. 71 at 6-8). Because we have held *supra* that the sex-based and non-sex-based harassment must be considered together, we reject this argument too: a jury viewing the record in the light most favorable to Goff could easily find the constant non-sex-based (but potentially sex-motivated) harassment combines with the multiple incidents of overt sex-based harassment to constitute "pervasive" conduct. See Brown-Baumbach, 437 F. App'x at 134 (citing Durham, 166 F.3d at 148).

## IV.    Conclusion

For the reasons set forth herein, we will adopt Judge Arbuckle's report and grant in part and deny in part Cummins' motion for summary judgment. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      March 31, 2023